**Nathan R. SEAMAN, Plaintiff-Appellant,**

v.

**Jacob J. PARKER et al., and United States of America, Defendants-Appellees.**

**No. 71–1689.**

United States Court of Appeals, Ninth Circuit.

Dec. 30, 1971.

Leonard L. Nolting, Oakland, Cal., for plaintiff-appellant.

Sidney E. Smith, U. S. Atty., Wilbur T. Nelson, Asst. U. S. Atty., Boise, Idaho, for defendants-appellees.

Before CHAMBERS, WRIGHT and KILKENNY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

The appellant, an American Indian, was convicted in 1967 upon a plea of guilty to the crime of assault with intent to commit rape upon a non-Indian female. This appeal represents his second attempt to obtain relief from the judgment and sentence under the provisions of 28 U.S.C. § 2255. This court has jurisdiction under 28 U.S.C. § 2253.

The issue before us is simply this: Did the petitioner allege any ground in his latest application which would justify a reopening of a previous evidentiary hearing? We answer in the negative and affirm the district court order.

In August 1967, petitioner and two other American Indians were charged with rape on an Indian reservation, an offense carrying a maximum penalty of death. Counsel was appointed to represent petitioner and another lawyer represented the other two defendants. On November 7, 1967, petitioner and his counsel tendered a plea of guilty to a lesser included offense of assault with intent to commit rape.

The district judge conducted a hearing pursuant to Rule 11, Federal Rules of Criminal Procedure. In the course of it, the petitioner said that he was satisfied with his counsel. After an extensive inquiry and before accepting the plea of guilty, the district judge made a painstaking effort to satisfy himself that Seaman was fully informed of his rights and was acting advisedly. The record shows the following colloquy:

"THE COURT: You understand that you have a right to have this case tried before 12 jurors who would hear all the evidence and only if all of them are convinced beyond a reasonable doubt would you be convicted; do you understand that?

"DEFENDANT SEAMAN: Yes.

"THE COURT: Have you discussed the entire case and any defense you might have fully with Mr. Service?

"DEFENDANT SEAMAN: Yes.

"THE COURT: You are an experienced counsel, Mr. Service, and know a great deal about this case; is there any question in your mind about whether this boy is making a knowledgeable plea?

"MR. SERVICE: No, your Honor, we have gone over it in detail. We have had discussions. I have consistently told him that if he didn't understand what I was saying to let me know and I would make it in words that he could understand. Mr. Seaman I am convinced has a good knowledge of the English language and I feel I have fully advised the client.

"THE COURT: Are you taking any medicines or medications that would affect your judgment?

"DEFENDANT SEAMAN: No.

"THE COURT: Do you have any history of any mental problems?

"DEFENDANT SEAMAN: No.

"THE COURT: Or any members of your family?

"DEFENDANT SEAMAN: No.

"THE COURT: Very well, it appears to the Court that it is a knowledgeable plea and after full consultation with counsel and with full knowledge of the government's case, so I will accept the plea of guilty. I think in this matter I will order a pre-sentence investigation and I suggest that you give the probation officer as much material favorable to the defendant as you possibly can. . . ."

Following a detailed pre-sentence investigation by the court staff and by defense counsel, the petitioner was brought on for sentence. Counsel for petitioner was commended for his efforts on behalf of petitioner-appellant.

A first motion was filed by appellant on March 14, 1969, seeking to vacate the judgment and sentence. He contended *inter alia* that he was not mentally competent at the time of entry of the guilty plea, that it was induced by threats, coercion and existence of his own admissions illegally obtained, and that he was not adequately represented by competent counsel. An attorney was appointed and did represent appellant at all stages of that proceeding and a full evidentiary hearing was held.

At its conclusion, the district judge ruled from the bench adversely to appellant and thereafter entered findings of fact, conclusions of law and judgment adverse to the appellant on all issues, including the adequacy and competency of his appointed counsel. The petitioner-appellant did not appeal the determination of the trial court.

Appellant filed his second petition for relief under § 2255 on March 19, 1971.

The district judge, citing the evidentiary hearing previously held and noting that the instant petition raised no new issues of substance, denied the petition without a hearing. Upon this appeal, appellant questions only the effectiveness of his trial counsel.

■■ That issue is not properly before us. An examination of the petition filed in March 1971 reveals that appellant raised no contention therein with respect to the efficiency or competency of his counsel during the investigative and preliminary stages of the proceedings, nor at the time of plea and sentence. Rather, as the district court observed in its order of March 22, 1971, the second petition raises only conclusory allegations with respect to conduct of the United States Attorney, as well as a claimed denial of right to appeal by the district court. The remainder of the petition is a reiteration of the contentions made and disposed of by the district judge in the July 1969 proceeding, upon the first application for relief.

Although, as we have already noted, the issue of effective representation is not properly before us, we would observe that the testimony at the 1969 hearing established that appellant had, at all stages, competent and effective representation. Appointed counsel had been an Idaho practicing attorney for 14 years, had been president of his local bar association, and had experience in defending criminal matters in United States courts.

The record fully supports the conclusion of the district judge that counsel was most efficient in investigation of the case and in advising the appellant.

There was no abuse of the discretion of the district judge in denying the appellant's latest petition, particularly where no appeal had been taken from the prior determination.

Affirmed.